UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **VINICIUS SENA GOMES,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **DAVID WESLING, et al.,** ) <br> ) <br> Respondents. ) <br> ) | **Civil Action No.** <br> **25-cv-13727-FDS** |

### ORDER CONCERNING STAY OF TRANSFER OR REMOVAL

**SAYLOR, J.**

Petitioner Vinicius Sena Gomes, an immigration detainee being held at the U.S. Immigration and Customs Enforcement Field Office in Burlington, Massachusetts, has filed, through counsel, a petition for a writ of habeas corpus. The petition names David Wesling, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations; Antone Moniz, Superintendent, Plymouth County Correctional Facility; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; and Pamela Bondi, U.S. Attorney General, as respondents. Upon review of the petition, the Court hereby ORDERS as follows:

1. The respondents shall, on or before Friday, December 12, 2025, answer or respond to the petition. The response to the petition shall address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), the petitioner is entitled to the same relief.

2. Although a United States District Court does not generally have subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(l), (g), it does generally have

jurisdiction over habeas petitions, *see* 28 U.S.C. § 2241(a).  Furthermore, a federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).  To give the Court an opportunity to consider whether it has subject-matter jurisdiction, and if so to determine the validity of the habeas petition, the court may order respondents to preserve the status quo.  *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (noting that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).  Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action.  *See id.* at 294-95 (upholding criminal contempt convictions for violations of a preliminary injunction, assuming the District Court had no jurisdiction to decide the underlying matter).  This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case.  *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

    3.  Accordingly, and unless otherwise ordered by the Court, petitioner shall not be moved outside the District of Massachusetts without first providing advance notice of the intended move.  Such notice shall be filed in writing on the docket in this proceeding, and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings.  Once that notice has been docketed, the petitioner shall not be moved out of the District for a period of at least 72 hours from the time of that docketing.  If the 72-hour notice period "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or

legal holiday." Fed. R. Civ. P. 6(a)(2)(C).  The time period may be shortened or extended as may be appropriate by further order of the Court.

**So Ordered.**

Dated:  December 8, 2025

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge