UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINICIUS SENA GOMES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DAVID WESLING, *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. <br> 25-cv-13727-FDS |

MEMORANDUM AND ORDER ON
PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings.[1] Petitioner Vinicius Sena Gomes is a citizen of Brazil who entered the United States without inspection in 2023. He was encountered by government agents, detained, released on his own recognizance under § 1226, and placed into removal proceedings under 8 U.S.C. § 1229a. He then applied for, and was granted, Special Immigrant Juvenile Status and deferred action.

---

[1] The petition names David Wesling, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations; Antone Moniz, Superintendent, Plymouth County Correctional Facility; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; the U.S. Department of Homeland Security; and Pamela Bondi, U.S. Attorney General, as respondents. Petitioner contends that at the time of filing he was being detained at the ICE field office in Burlington, Massachusetts, in the custody of Wesling. (Pet. Writ Habeas Corpus ¶¶ 5, 7, Dkt. No. 1). He alleges that he will be imminently transferred to Plymouth County Correctional Facility, where he would be in the custody of Moniz. The Court notes that Wesling or Moniz, "as the person[s] who ha[ve] custody over [the petitioner]," are the only possible proper respondents. 28 U.S.C. § 2242; *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The Court will therefore dismiss the claims against the other respondents.

On December 5, 2025, he was taken into ICE custody pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b).  Petitioner contends that his detention is governed by § 1226(a) and his continued detention without a bond hearing violates the Immigration and Nationality Act and Administrative Procedure Act, as well as his procedural due-process rights.  He seeks immediate release or, in the alternative, a constitutionally adequate bond hearing.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts.  Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.  **Background**

Vinicius Sena Gomes, a citizen and national of Brazil, entered the United States on or about October 22, 2023, without inspection.  (Pet. Writ Habeas Corpus ["Pet."] ¶ 13, Dkt. No. 1).  He was apprehended by government agents shortly after entry.  (*Id.*).  The next day, immigration authorities released him on his own recognizance under 8 U.S.C. § 1226 and issued a Notice to Appear that placed him in removal proceedings under § 1229a.  (*Id.* ¶¶ 14-15; *id.* Ex. 1-2).  He has remained in the United States since.  (*Id.* ¶ 16).  He then applied for Special Immigrant Juvenile Status, which U.S. Citizenship and Immigration Services approved in March 2024.  (*Id.* ¶ 17; *id.* Ex. 3).  He was granted deferred action for a period of four years.  (*Id.* ¶ 17; *id.* Ex. 3).

ICE took Sena Gomes into custody on December 5, 2025, during a check-in at the ICE field office in Burlington, Massachusetts.  (*Id.* ¶ 18 & n.1).

On December 6, 2025, Sena Gomes filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition contends that he is being unlawfully detained

at the field office in Burlington, Massachusetts, and would likely be imminently transferred to Plymouth County Correctional Facility in Plymouth, Massachusetts. (*Id.* ¶ 5). On December 8, 2025, this Court ordered respondents to answer or respond to the petition by December 12, 2025.[2] Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief. (Order Concerning Stay of Transfer or Removal 1, Dkt. No. 7).

Respondents submitted an "abbreviated response [that] relies upon, and incorporates by reference, the legal arguments that Respondents presented in *De Andrade*." (Resp'ts Abbreviated Resp. to Pet. 1, Dkt. No. 7). They maintain that Sena Gomes is an "applicant for admission" whose mandatory detention is authorized under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 3). The response also "acknowledge[s] that this case is materially similar to *De Andrade*" and "[s]hould the Court apply the reasoning of *De Andrade*, it would likely reach the same result here." (*Id.*).

## II. <u>Analysis</u>

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), non-citizens who have been released on their own recognizance into the United States under 8 U.S.C. § 1226 are entitled to discretionary detention and a bond hearing under § 1226(a), not mandatory detention under § 1225(b). Because petitioner has already entered and resides in

---

[2] In order to maintain jurisdiction, the Court also ordered that Sena Gomes should not be moved outside of the District of Massachusetts without prior notice. (Order Concerning Stay of Transfer or Removal 2, Dkt. No. 7).

the United States, he is not an "applicant for admission" under § 1225, and his detention under that provision is in violation of law. *See* 28 U.S.C. § 2241. The Court will therefore grant the petition. Accordingly, the Court does not reach petitioner's claim under the Administrative Procedure Act.

That leaves the question of remedy. Respondents contend that if the Court finds that petitioner's detention is subject to 8 U.S.C. § 1226(a) rather than § 1225(b), then the appropriate remedy is a bond hearing before an immigration judge rather than immediate release. (Resp'ts Abbreviated Resp. to Pet. 4). Arrest and detention under § 1226(a) ordinarily require "a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Neither the petition nor the response address whether petitioner's December 5, 2025 arrest was made pursuant to a warrant. Nevertheless, "[t]he burden of proof of showing deprivation of rights leading to unlawful detention is on the petitioner." *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Because petitioner has not established that detention under § 1226(a) is unlawful, the Court will order that he promptly be granted a bond hearing pursuant to that provision. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention").

### III.     Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents David Wesling, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations, or Antone Moniz, the warden of the Plymouth County Correctional Facility, whoever is the person having custody of petitioner as of the entry of this order, is hereby ORDERED to either release petitioner or provide him a bond hearing no later than December 23, 2025. The claims against defendants

4

Todd Lyons, Kristi Noem, Pamela Bondi, and the U.S. Department of Homeland Security are DISMISSED.

**So Ordered.**

Dated:  December 16, 2025

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge